IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ESTEBAN SALGUERO-ORTIZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:10cr191<br>1:13cv326 |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Esteban Salguero-Ortiz's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 429.] For the following reasons, the Court will deny Petitioner's Motion.

**I.   Background**

Petitioner was one of fifteen people indicted in a cocaine distribution scheme that involved importing cocaine from Mexico and distributing it in Maryland, Northern Virginia, Philadelphia, and elsewhere. (Indictment [Dkt. 1] at 2-3.) After a jury trial, Petitioner was convicted of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. (Special Verdict Form [Dkt. 243] at 1-2.) The evidence at trial established that Petitioner worked

1

with a co-conspirator to accept at least two deliveries of cocaine in Philadelphia. (Gov't Opp'n [Dkt. 436] at 3-4.) Petitioner took possession of at least one of these shipments. (*Id.*)

On January 14, 2011, this Court found Petitioner accountable for fifteen kilograms of cocaine and sentenced him to 151 months' imprisonment, a sentence at the low end of the advisory range. (Judgment [Dkt. 281] at 1.)

Petitioner subsequently appealed to the Fourth Circuit, arguing that the evidence was insufficient to support his conviction and this Court made several errors at sentencing. On June 21, 2012, the Fourth Circuit affirmed Petitioner's conviction. *See United States v. Salguero-Ortiz*, 483 F. App'x 858, 862 (4th Cir. 2012).

Having exhausted direct review, Petitioner then filed this action under 28 U.S.C. § 2255 seeking to vacate his conviction.[1] (Pet'r's Mot. to Vacate at 1.) Liberally construed, Petitioner's Motion raises three claims: (1) the Government engaged in misconduct by presenting false testimony

---

[1] On May 24, 2013, Petitioner moved for leave to amend. (Pet'r's Mot. to Amend [Dkt. 438] at 1.) Having reviewed this motion and the amended petition filed therewith, the Court finds that Petitioner merely seeks to supplement his previously raised claims. Hence, Petitioner's motion to amend will be granted. *See United States v. Frye*, Criminal No. 3:07CR247-HEH, 2013 WL 3776308, at *1 (E.D. Va. July 17, 2013) (granting petitioner's request to amend where he merely sought to add "arguments with respect to the claims [already] raised"). Petitioner's supplemental arguments are now before the Court. (*See* Pet'r's Am. Mot. to Vacate [Dkt. 439].)

at trial ("Claim One"); (2) this Court erred by failing to grant a mitigating role reduction at sentencing ("Claim Two"); and (3) trial counsel provided ineffective assistance by, among other things, stipulating to several pieces of evidence ("Claim Three"). (Pet'r's Mot. to Vacate at 4-7; Pet'r's Am. Mot. to Vacate at 2.)

On May 3, 2013, the Government filed its Opposition. [Dkt. 436.] This matter is ripe for the Court's consideration.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States,* 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citation omitted).

Nevertheless, a motion brought under § 2255 is not intended to be a substitute for appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under §

2255.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Id.* (citations omitted).

"Cause" is generally established by showing "some objective factor external to the defense [which] impeded counsel's efforts" to raise the claim on direct appeal. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate prejudice, the petitioner must show "'not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *McCarver v. Lee,* 221 F.3d 583, 592 (4th Cir. 2000) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Finally, the miscarriage of justice prong is satisfied by a showing of actual innocence. *See United States v. Bryant*, Criminal No. 3:04cr00047-1, 2013 WL 393334, at *3 (W.D. Va. Jan. 31, 2013) ("Actual innocence means factual innocence, not mere legal insufficiency." (citation omitted)); *see also House v. Bell,* 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror

would have found petitioner guilty beyond a reasonable doubt." (citations and internal quotation marks omitted)).

### III. Analysis

#### A. Defaulted Claims

Because Petitioner could have, but neglected to, raise Claims One and Two on direct appeal, these arguments are procedurally defaulted. *See United States v. Baumgardner*, No. 1:08CR00024-041, 2013 WL 4598066, at *2 (W.D. Va. Aug. 29, 2013) (finding petitioner's argument procedurally defaulted where "[h]e failed to raise his claim at trial or on appeal and offers no reason that he could not have done so"). Petitioner has failed to advance any viable argument regarding cause and prejudice to excuse the default.[2] Likewise, Petitioner has made no colorable showing that he is actually innocent of the underlying criminal charges. Accordingly, Claims One and Two will be dismissed. *See Baumgardner*, 2013 WL 4598066, at *2.

#### B. Ineffective Assistance of Counsel Claim

Although claims not raised on direct appeal are generally prohibited in a § 2255 proceeding, an exception

---

[2] Petitioner's contention that his default was the result of ineffective assistance from counsel is unavailing. (Pet'r's Am. Mot. to Vacate at 13.) While ineffective assistance can excuse a procedural default, *see Edwards v. Carpenter,* 529 U.S. 446, 451 (2000), Petitioner's argument fails because, as discussed below, he has not asserted a meritorious claim that counsel was ineffective. *See United States v. Gavegnano*, Criminal No. 3:05cr00017-1, 2012 WL 1884136, at *3 (W.D. Va. May 22, 2012) (noting that where a petitioner cannot prevail on the merits of his ineffective assistance claim, he cannot overcome a procedural bar by claiming ineffective assistance of counsel).

5

applies for claims of ineffective assistance of counsel. *See United States v. Martinez,* 136 F.3d 972, 979 (4th Cir. 1998). To succeed on such a claim, a petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Taylor,* 529 U.S. 362, 391 (2000) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)). "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994). If the petitioner fails to meet either requirement, his claim necessarily fails. *Strickland*, 466 U.S. at 700.

With respect to the first prong of the *Strickland* test, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong

6

> presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted). With respect to the second prong, "a reasonable probability [of prejudice] is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In this case, Petitioner alleges that counsel provided ineffective assistance by stipulating to "drug and fingerprint evidence" and Petitioner's identity on several wiretaps. (Pet'r's Am. Mot. to Vacate at 10-11.) Petitioner argues that this was not sound trial strategy because it significantly lessened the Government's burden.[3] (*Id.*) As explained below, Petitioner's claim is meritless.

First, Petitioner has not demonstrated that counsel's performance in this regard was constitutionally deficient. It appears that counsel made a legitimate strategic choice to challenge Petitioner's involvement in the conspiracy rather than

---

[3] While not entirely clear, it appears that Petitioner also contends that counsel provided ineffective assistance by conceding his participation in the conspiracy. (Pet'r's Am. Mot. to Vacate at 10.) The record, however, flatly contradicts this argument. Counsel disputed Petitioner's involvement in the conspiracy throughout the trial. Accordingly, to the extent Petitioner's ineffective assistance claim is based on this argument, it is denied. *See Scott v. Heath*, No. 1:10-CV-5307, 2011 WL 1753502, at *6 (E.D.N.Y. May 9, 2011) (rejecting petitioner's ineffective assistance claim on grounds that his arguments were refuted by the record).

the Government's forensic evidence. (Trial Tr. [Dkt. 349] at 579-85 (counsel's closing argument disputing Petitioner's involvement in the conspiracy).) As such, it was reasonable for counsel to stipulate to this evidence rather than risk having the Government's forensic experts present harmful testimony to the jury. *See Lemon v. United States,* 335 F.3d 1095, 1096 (8th Cir. 2003) (finding that defense counsel did not provide ineffective assistance by agreeing to stipulate that the controlled substance found in his apartment was crack cocaine; counsel's decision was part of reasonable trial strategy in which counsel sought to disprove element of possession rather than drug type). Although Petitioner is now unsatisfied with this strategic decision, the record demonstrates that counsel's choice was reasonable. *Strickland,* 466 U.S. at 690 ("[S]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."); *Goodson v. United States,* 564 F.2d 1071, 1072 (4th Cir. 1977) (finding that courts are reluctant to second guess counsel's strategic choices); *Goins v. Angelone*, 52 F. Supp. 2d 638, 663 (E.D. Va. 1999) ("The *Strickland* standard mandates considerable deference to trial counsel's strategic choices, whether or not those choices are ultimately successful.").

Petitioner has similarly failed to establish prejudice. Petitioner's contention that the stipulations discussed above changed the outcome of his case is premised upon a misconception that the evidence against him was weak. The Government, however, presented a wealth of testimony connecting Petitioner to the drug conspiracy. (Gov't Opp'n at 3-4 (summarizing evidence against Petitioner).) In light of the record, the Court cannot find, as Petitioner urges, that there is a reasonable probability that the outcome of his trial would have been different.

Because Petitioner has failed to carry his burden of proof under either prong of *Strickland,* Claim Three must also be denied.[4]

---

[4] Petitioner's Motion is replete with additional conclusory allegations regarding counsel's performance. For example, Petitioner alleges that counsel was ineffective for omitting unidentified "non-frivolous issues" on direct appeal. (Pet'r's Am. Mot. to Vacate at 14.) These vague assertions fall short of establishing a meritorious claim and do not entitle Petitioner to relief. *See United States v. Terry,* 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*."); *United States v. Murray,* Nos. 5:08-cv-80028, 5:04-cr-30016, 2008 WL 4179320, at *6 (W.D. Va. Sept. 10, 2008) (noting that "generalized allegations and conclusory statements . . . without specific evidentiary support, are insufficient to establish that counsel . . . provided ineffective assistance in any way").

## IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion. An appropriate Order will issue.

|  | /s/ |
|---|---|
| October 3, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |